IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION,<br><br>                    Plaintiff,<br><br><br>vs.<br><br><br>SYMANTEC CORPORATION,<br><br>                    Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:07-CV-856 CW |

Now before the court is Symantec Corporation's ("Symantec's") objection to Magistrate Judge Wells' order granting StorageCraft Technology Corporation's ("Storagecraft's") motion for a protective order (Dkt. No. 61).  For the reasons set forth below, the court SUSTAINS Symantec's objection and REVERSES Judge Wells' order.

Symantec has brought a claim against StorageCraft alleging that StorageCraft misappropriated trade secret information from Symantec.  In response to Symantec's discovery requests relevant to this claim, StorageCraft sought a protective order.  StorageCraft argued that Symantec had not identified the alleged trade secret with particularity, precluding Symantec's attempts at discovery on that claim.  Symantec disagreed, pointing out that it had narrowed its claimed trade secret information to three particular documents.

At a July 17, 2008 hearing, Judge Wells heard argument and granted StorageCraft's motion for a protective order.  On July 23, 2008, Judge Wells issued a written order further

explaining her ruling at the hearing.  (See Dkt. No. 55.)  In that order, Judge Wells stated that to

be allowed discovery on its trade secret claim, Symantec was required to identify the trade secret

information with "adequate specificity to inform the defendant[] what it is alleged to have

misappropriated."  (Id. at 2, quoting Sit-Up Ltd. v. IAC/Interactive Corp., Case No. 05 Civ. 9292

(DLC), 2008 WL 463884, *11 (S.D.N.Y. Feb. 20, 2008)).  The order then states that Symantec's

"trade secrets are essentially a wish-list for a new product.  Such a 'wish-list' does not meet the

reasonable particularity standard."  (Dkt. No. 55 at 2.)  Finally, Judge Wells ordered Symantec to

"narrow and define with more specificity" the claimed trade secret and denied Symantec

discovery of any StorageCraft product competing with a certain Symantec product until

Symantec "adequately identifies" the trade secret "with reasonable particularity."  (Id.)

When a magistrate judge issues an order on non-dispositive discovery matters and a party

objects, the district court reviews the magistrate's order under the "clearly erroneous or contrary

to the law standard."  First Union Mortgage Corp. v. Smith, 229 F.3d 992, 995 (10th Cir. 2000)

(citation omitted).  "Under the clearly erroneous standard, the reviewing court [must] affirm

unless it on the entire evidence is left with the definite and firm conviction that a mistake has

been committed."  Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (internal quotation

marks and citations omitted).

> "Under the 'contrary to law' standard, the district court conducts a plenary review of the
> magistrate judge's purely legal determinations, setting aside the magistrate judge's order
> only if it applied an incorrect legal standard," or if it "misapplie[d] relevant statutes, case
> law, or rules of procedure,"

Barton v. Zimmer, Inc., Case No. 1:06-CV-208 TLS, 2008 WL 2484604, *1 (N.D. Ind. June 19,

2008) (citations omitted).

There is no question that the magistrate's July 23 order correctly stated the correct legal standard.  That is, Symantec is required to identify its claimed trade secret with reasonable particularity before being allowed discovery on that claim.  But the court sees no way in which Symantec could be more particular in its identification of its claimed trade secrets.  Symantec has clearly identified three discrete documents as compilations and unequivocally stated that the compilations are the trade secrets it alleges StorageCraft misappropriated.

The question of whether the compilations actually qualify as trade secrets or if they are nothing more than "wish-lists" is a question going to the ultimate merits of Symantec's claim.  The procedures for challenging the merits of a trade secret claim prior to trial are set out in Rules 12 and 56 of the Federal Rules of Civil Procedure and are not properly challenged under discovery rules, including the requirement that the trade secret be identified with particularity.  By concluding that Symantec's specified documents were "wish-lists," the magistrate judge made a ruling on the merits of Symantec's claim in denying discovery.  Accordingly, the magistrate's order must be reversed.

## ORDER

For the reasons set forth above, Symantec's objection to Judge Wells' July 23, 2008 order granting StorageCraft's motion for a protective order is SUSTAINED and that order is REVERSED.  The parties are instructed to continue discovery under the federal rules and in light of the most recent scheduling order and to continue to raise any discovery disputes before Judge Wells.

SO ORDERED this 16th day of January, 2009.

BY THE COURT:

Clark Waddoups
United States District Judge